UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SANDRA KAY HILL, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. CIV-13-1232-HE |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of the | ) |
| Social Security Administration, | ) |
| | ) |
|     Defendant. | ) |

## REPORT AND RECOMMENDATION

Plaintiff Sandra Kay Hill brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying Plaintiff's application for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-434. United States District Judge Joe Heaton has referred this matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b) and Rule 72(b) of the Federal Rules of Civil Procedure. The Commissioner has answered and filed the administrative record.[1] The parties have briefed their positions and the case is now ready for decision. For the reasons set forth below, it is recommended that the Commissioner's decision be AFFIRMED.

---

[1] Citations to the administrative record, Doc. No. 12, are as "R. __," using the pagination assigned by the SSA in the certified copy of the transcript of the administrative record. Citations to other documents filed in this Court adhere to the pagination assigned by the Court's electronic filing system.

## PROCEDURAL HISTORY

Plaintiff protectively filed her application for DIB on May 25, 2010. R. 144. Plaintiff alleged a disability onset date of July 20, 2007, and sought benefits on the basis of spinal fusion, sinus tachycardia, high blood pressure, migraines, acid reflux, and rosacea. R. 144, 148. Following denial of her application initially and on reconsideration, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held on April 26, 2012. R. 34-61, 66-70, 75-77, 78-79. The ALJ issued an unfavorable decision on August 14, 2012. R. 18-31. The SSA Appeals Council denied Plaintiff's request for review. R. 1-4. This action for judicial review followed.

## ADMINISTRATIVE DECISION

The Commissioner uses a five-step sequential evaluation process to determine eligibility for disability benefits. *See Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009); 20 C.F.R. § 404.1520. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since July 20, 2007, her alleged onset date. R. 20; *see* 20 C.F.R. § 404.1571. At step two, the ALJ determined that Plaintiff had the severe impairments of degenerative disc disease, status post fusion; supraventricular tachycardia; obesity; and hypertension. R. 20; *see* 20 C.F.R. § 404.1520(c). At step three, the ALJ determined that Plaintiff's impairments did not meet or equal any of the presumptively disabling impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. R. 26; *see* 20 C.F.R. § 404.1520(d).

The ALJ next assessed Plaintiff's residual functional capacity ("RFC") based on her impairments. R. 26-30; *see* 20 C.F.R. §§ 404.1520(a)(4)(iv), (e). The ALJ found that Plaintiff had the RFC to perform sedentary work with some limitations:

> The claimant can lift and/or carry and push and/or pull 10 pounds occasionally and less than 10 pounds frequently. She can stand and/or walk for about two hours in an eight-hour workday, and can sit for about six hours in an eight-hour workday. The claimant cannot climb ladders[,] ropes, or scaffolds, and cannot balance. The claimant occasionally can climb ramps and stairs, kneel, crouch, crawl and stoop.

R. 26-27; *see* 20 C.F.R. § 404.1567(a) (defining "sedentary work"). Based on that RFC, the ALJ found at step four that Plaintiff was unable to perform any past relevant work. R. 29; *see* 20 C.F.R. §§ 404.1520(f), 1565.

At step five, the ALJ evaluated whether Plaintiff, considering her age, education, work experience, and RFC, had acquired work skills from past relevant work that are transferable to other occupations with jobs existing in significant numbers in the national economy. R. 30-31; *see* 20 C.F.R. § 404.1560(c). Relying on the testimony of a vocational expert ("VE"), the ALJ determined that Plaintiff had acquired specific work skills from her past relevant work and concluded that Plaintiff could perform the semi-skilled, sedentary occupations of purchasing clerk, industrial order clerk, and identification clerk. R. 30-31; *see* 20 C.F.R. § 404.1568(d), .1520(a)(4)(v). The ALJ determined that these occupations offer jobs that exist in significant numbers in the national economy. R. 30-31; *see* 20 C.F.R. §§ 404.1520(g), .1545(a)(5)(ii), .1566.

Based on these findings, the ALJ concluded that Plaintiff had not been disabled within the meaning of the Social Security Act from July 7, 2007, the alleged onset date,

through the date of the hearing. R. 31. The SSA Appeals Council denied review, making the ALJ's unfavorable decision the final decision of the Commissioner. R. 1-4; *see also* 20 C.F.R. § 404.981.

## STANDARD OF REVIEW

Judicial review of the Commissioner's final decision is limited to determining whether factual findings are supported by substantial evidence in the record as a whole and whether correct legal standards were applied. *Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (internal quotation marks omitted). "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004) (internal quotation marks omitted). The court "meticulously examine[s] the record as a whole," including any evidence that may undercut or detract from the ALJ's findings, to determine if the substantiality test has been met. *Wall*, 561 F.3d at 1052 (internal quotation marks omitted). While the court considers whether the Commissioner followed applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008).

## ISSUES ON APPEAL

On appeal before this Court, Plaintiff argues that the ALJ's step-five findings were legally flawed and not supported by substantial evidence. Pl.'s Br., Doc. No. 18, at 4-13.

4

The undersigned finds Plaintiff's claims of error unpersuasive and, for the reasons set forth below, recommends that the decision of the Commissioner be affirmed.

### A. *Transferability of Skills*

At step five of the sequential evaluation, the burden shifts to the Commissioner to establish that the claimant can perform work that exists in significant numbers in the national economy. *E.g., Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993); 20 C.F.R. §§ 404.1520(a)(4)(v), .1566. If a claimant cannot perform her past relevant work, the ALJ must assess her ability to perform other work. *See* 20 C.F.R. §§ 404.1545(a)(5)(ii), .1560(c). In connection with this assessment, the ALJ will consider claimant's RFC and vocational factors such as age, education, and work experience. *See* 20 C.F.R. § 404.1560(c)(1). The term "work experience" refers to "skills and abilities" acquired by the claimant in her past work that show the type of work that she may be able to do. *See* 20 C.F.R. § 404.1565(a).

Transferability of work skill is at issue "when the skilled or semi-skilled work activities you did in past work can be used to meet the requirements of skilled or semi-skilled work activities of other jobs or kinds of work." *See* 20 C.F.R. § 404.1568(d); SSR 82-41, 1982 WL 31389 (1982), at *1; *see generally Dikeman v. Halter*, 245 F.3d 1182, 1185 (10th Cir. 2001) (discussing transferability of a claimant's acquired skills). "When an ALJ makes a finding that a claimant has transferable skills, [she] must identify the specific skills actually acquired by the claimant and the specific occupations to which those skills are transferable." *Dikeman*, 245 F.3d at 1185 (citing SSR 82-41, 1982 WL 31389, at *7). These findings "should be supported by appropriate documentation."

5

*Dikeman*, 245 F.3d at 1185 (quoting SSR 82-41, 1982 WL 31389, at *7) (internal quotation marks omitted). "'Neither an occupational title by itself nor a skeleton description [of a job] is sufficient' to document the claimant's acquisition of skills." *Dikeman*, 245 F.3d at 1185 (quoting SSR 82-41, 1982 WL 31389, at *4).

1. <u>The Record</u>

Plaintiff has past relevant work as a theater manager and a school cook. R. 30, 45, 155-162. In her Work History Report, Plaintiff described her job of "Theatre Manager" as follows:

> Management duties: Supervised both ticket sales and con[c]ession person[n]el[,] dealt with customer assistance, vendors and maintenance, dealt with customer complaints both in person and by phone. Manually threaded films on projection equipment and correct[ed] film problems. Carried new films to and from projection rooms up and down several flights of stairs[.] Put incoming films together for showing and broke them down for shipping.

R. 156, 162. Plaintiff reported that she used machines, tools, or equipment; used technical knowledge or skills; and wrote, completed reports, or performed similar duties. R. 156. Plaintiff also reported that she supervised seven to eight people, hired and fired employees, and was a lead worker. R. 156.

With respect to her employment as school "Cook and Supervisor," Plaintiff described the job as follows:

> Dealt with vendors ordering, checking supplies and dealt [with] money at start of business and the close of day. Dealt with complaints from both students and teachers and employees. Read and followed recipes for menu items and nutri[t]ion guides. Handled all types of kitchen equipment. Maintained time cards and manning problems or needs. Coordinate[d] with the other schools as needed. Also cooked both main dishes and breads, salad and des[s]erts.

R. 157, 162. Plaintiff reported that she used machines, tools, or equipment; used technical knowledge or skills; and wrote, completed reports, or performed similar duties. R. 157. Plaintiff also reported that she supervised three people, and was a lead worker. R. 157.

Relying on Plaintiff's "description" of the jobs "as she performed" them, the VE testified that Plaintiff's work as a theater manager, DOT code 187.167-154, and position as a school cook, DOT code 313.381-030, were skilled positions that Plaintiff performed at a medium exertional level. R. 57. The VE further testified that Plaintiff acquired the transferable work skills of "[t]he ability to prepare, cook, season a variety of foods, estimate[] food needs, order foods and supplies, [and] use[] a variety of kitchen tools and equipment" as well as "the ability to supervise and direct the activities of others." R. 57-58. Plaintiff's attorney did not object to or further question the VE about her testimony regarding Plaintiff's transferable skills. *See* R. 60.

Proposing a hypothetical in which the individual had the same RFC that Plaintiff was found to have, the ALJ asked the VE if there were jobs available in the national and regional economies. R. 58-59. "Bas[ing]" her answer on Plaintiff's "transferable skills," the VE replied that jobs were available, including those of purchasing clerk, DOT code 249.367-06; industrial order clerk, DOT code 221.367-022; and identification clerk, DOT code 205.362-022. R. 59. The VE testified that each of these positions was semi-skilled and sedentary. R. 59. Plaintiff's attorney did not object to or further question the VE about her testimony regarding available jobs based on Plaintiff's transferable skills. *See* R. 60.

7

2. The ALJ's Findings and Plaintiff's Allegations of Error

As required under Social Security Ruling ("SSR") 82-41 and *Dikeman*, the ALJ found that Plaintiff had acquired specific work skills and identified those skills as: "the ability to prepare, cook, and season a variety of foods, estimate food needs, order food and supplies, use a variety of kitchen tools and equipment, and supervise and direct the activities of others." *See* R. 30; SSR 82-41, 1982 WL 31389, at * 7; *Dikeman*, 245 F.3d at 1185. The ALJ further found, again as required by SSR 82-41 and *Dikeman*, that there were "specific occupations to which [Plaintiff's] acquired work skills are transferable" and identified those occupations as: purchasing clerk, industrial order clerk, and identification clerk. *See* R. 31 (listing titles and DOT codes); SSR 82-41, 1982 WL 31389, at *7; *Dikeman*, 245 F.3d at 1185.

Plaintiff asserts, however, that her "transferable skills had extremely little to do with the jobs relied upon to deny her benefits," thus further arguing that substantial evidence did not support the ALJ's determinations under these legal standards. Pl.'s Br. at 7. Contrasting the DOT descriptions for purchasing clerk, industrial order clerk, and identification clerk, with the DOT descriptions for theater manager and school clerk, Plaintiff argues that "it is readily apparent that the jobs [identified by the ALJ] have nothing to do with either food or cooking, and there is also nothing in the descriptions of any of those jobs indicating that they require any supervisory responsibilities." Pl.'s Br. at 9 (citing R. 30). Plaintiff acknowledges that "ordering supplies" may be a transferable skill but argues that the job of identification clerk "has nothing to do with ordering supplies" and that the jobs of purchasing clerk and industrial order clerk require

8

additional abilities that are "not encompassed by [Plaintiff's] transferable skills." Pl.'s Br. at 9-10. Plaintiff further asserts that there is a "lack of evidence indicating that [Plaintiff's] abilities to order supplies pertaining to the relatively specific food service and movie industries would transfer to jobs in other industries." Pl.'s Br. at 11.

### 3. Whether the ALJ's Decision Was Supported by Substantial Evidence

The factors that are considered in determining transferability are: (1) whether the same or lesser degrees of skill is required; (2) whether the same or similar tools and machines are used; and (3) whether the same or similar raw materials, products, processes, or services are involved. 20 C.F.R. § 404.1568(d)(2); SSR 82-41, 1982 WL 31389, at *5. "A complete similarity of all of these factors is not necessary. There are degrees of transferability ranging from very close similarities to remote and incidental similarities among jobs." SSR 82-41, 1982 WL 31389, at *5. Further, "transferability of skills to industries differing from past work experience can usually be accomplished with very little, if any, vocational adjustment" when "job skills have universal applicability across industry lines, e.g., clerical, professional, administrative, or managerial types of jobs . . . ." SSR 82-41, 1982 WL 31389, at *6. And though some skills may be "so specialized" or "acquired in such an isolated vocational setting (like many jobs in mining, agriculture or fishing) that they are not readily usable in other industries, jobs, and work settings," those non-transferable skills are generally only acquired when "past work is unusual or isolated" such as "placer miners, beekeepers, or spear fisherman." *See* SSR 82-41, 1982 WL 31389, at *6.

Here, the ALJ reasonably found that Plaintiff had acquired skills involving the ordering of supplies and involving the supervision and direction of others. *See* R. 30. These findings were supported by both Plaintiff's Work History Report and the VE's testimony. *See* R. 155-62, 57-58. Thus, this is not a case where the ALJ's findings were based on inadequate or unspoken evidence, such as minimal evidence of plaintiff's past work or VE testimony that failed to identify the skills and occupations at issue. *Cf. Ogle v. Barnhart*, 123 F. App'x 361, 363-64 (10th Cir. 2005) (remanding for the ALJ to determine whether plaintiff acquired skills from her past work and, if so, whether the skills were transferable when plaintiff's testimony about her past work was "almost nonexistent" and documentary evidence was limited to "skeleton descriptions" of her past job); *Ware v. Barnhart*, 123 F. App'x 335, 338 (10th Cir. 2005) (remanding when the VE did not identify the specific skills plaintiff had acquired in her past work or discuss how those skills were transferable to available jobs); *Dunn v. Colvin*, No. CIV-13-00999-M, 2014 WL 4699533, at *6-7 (W.D. Okla. Sept. 19, 2014) (remanding when VE did not identify the specific, transferable skills that were involved in plaintiff's past work and plaintiff's work history report only included title of position); *Macarages v. Astrue*, No. CIV-09-1270-D, 2010 WL 379468, at *2 (W.D. Okla. Aug. 23, 2010), *adopted by* 2010 WL 3749455 (W.D. Okla. Sept. 21, 2010) (remanding when the VE did not identify actual transferable skills or purport to match them with any jobs plaintiff could perform). The undersigned finds that the ALJ applied the correct legal standards.

Further, in determining that the identified skills were transferable to the three identified occupations, the ALJ properly sought and relied on VE testimony. *See* 20

C.F.R. § 404.1566(e); SSR 82-41, 1982 WL 31389, *4-5 (stating that an ALJ may rely on vocational expert testimony to establish skills and transferability); SSR 00-04, 2000 WL 1898704, *3 (2000) ("A VE . . . may be able to provide more specific information about jobs or occupations than the DOT."). In light of this expert testimony, and the information set forth in Plaintiff's Work History Report, both as described above, the ALJ's determination that Plaintiff can adjust to the three cited occupations is supported by substantial evidence. *See Prince v. Apfel*, No. 97-5176, 1998 WL 317525, at *2-3 (10th Cir. June 11, 1998) (holding that ALJ's finding of transferable skills was supported by substantial evidence when "[t]he only evidence in the record relevant to the transferability of claimant's skills was the vocational expert's testimony, clearly a proper evidentiary source on this topic"); *Wilkerson v. Sullivan*, No. 91-6199, 1992 WL 33220, at *3-4 (10th Cir. Feb. 19, 1992) (finding that VE's testimony that recordkeeping skill could be transferred to new positions "provides substantial evidence from which the Secretary could have found that [claimant's] skill was transferable"); *Bird v. Astrue*, No. CIV-09-1167-HE, 2011 WL 887981, at *2 (W.D. Okla. March 9, 2011) (finding that ALJ's step-five conclusions were supported by substantial evidence when ALJ relied upon VE's testimony regarding plaintiff's skills and their transferability to new occupations).

Although there are differences among the various occupations at issue in this matter, "[a] complete similarity" of all the skills, materials, machines, products, processes, or services is not required. SSR 82-41, 1982 WL 31389, at *5; *Bird*, 2011 WL 887981, at *2. The three occupations identified by the VE primarily involve paperwork

attendant to, respectively, the placing of supply orders, the processing of customer orders, and the intake of new hires. *See Dictionary of Occupational Titles*, § 249.367-066 (Procurement Clerk), 1991 WL 672335 (4th rev. ed. 1991) (describing duties as including preparing purchase orders, compiling records of items purchased, computing costs of items purchased, communicating with suppliers, comparing prices, and verifying bills from suppliers); *id.* § 221.367-022 (Industrial-Order Clerk), 1991 WL 672011 (describing duties as including verifying completion of industrial orders, ascertaining that products meet engineering specifications, communicating with customers and delivery personnel about delivery of products, and preparing completion slips after orders are filled); and *id.* § 205.362-022, (Identification Clerk), 1991 WL 671711 (describing duties as including compiling records about new personnel, preparing identification cards, interviewing applicants, communicating with third parties to obtain background information, and photographing and fingerprinting new personnel). The duties for the three cited occupations are not so remote from Plaintiff's identified skills that the Court may find—without substituting its judgment for that of the Commissioner—that the VE's testimony should have been rejected by the ALJ. *Compare id.*, *with* R. 30, 155-62. Further, although Plaintiff was represented by counsel at the hearing, Plaintiff's counsel did not object to or further question the VE about her testimony regarding Plaintiff's acquired skills or their transferability to the cited occupations. *See* R. 60; *Maes v. Astrue*, 522 F.3d 1093, 1097 (10th Cir. 2008) (explaining that when a claimant is represented by counsel, the ALJ may rely upon the claimant's counsel to structure the claimant's case and to identify any issue requiring further development).

"The appeals court neither reweighs the evidence nor substitutes its judgment for that of the agency." *Thompson*, 987 F.2d at 1487. Rather, when substantial evidence supports the Commissioner's decision, that decision must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The undersigned finds that the ALJ's determinations regarding the skills Plaintiff acquired from her past work and the transferability of those skills to available jobs were supported by substantial evidence. This claim of error does not warrant reversal.

### B. *Significant Numbers*

Plaintiff also argues that if the occupation of identification clerk is eliminated from consideration due to a lack of transferable skills, and at issue are only the occupations of purchasing clerk and industrial order clerk, the ALJ erred in determining that there was a significant number of jobs available to Plaintiff. Pl.'s Br. at 12. Specifically, Plaintiff asserts: "[E]ven if the Court were to believe that [Plaintiff's] ability to order supplies adequately qualified her to perform the jobs of purchasing clerk and industrial order clerk, the ALJ's decision should still be deemed insufficient because there was nothing to suggest that the 644 statewide and 40,000 nationwide combined totals of those jobs constituted a significant number standing alone." *Id*. As set forth above, the undersigned has found that all three occupations cited by the VE and ALJ were properly considered. Therefore, Plaintiff's argument is unavailing. *See Botello v. Astrue*, 376 F. App'x 847, 850 (10th Cir. 2010) (declining to remand where plaintiff did not challenge that 67,250 nationally available jobs constituted a significant number); *Johnson v. Colvin*, No. CIV-13-736-W, 2014 WL 4215557, *3 (W.D. Okla. Aug. 25, 2014) (adopting

recommendation of affirmance where plaintiff did not challenge that 69,700 nationally available jobs constituted a significant number).

Plaintiff further appears to argue that the ALJ erred by failing to consider the factors set forth in *Trimiar v. Sullivan*, 966 F.2d 1326, 1330 (10th Cir. 1990), in determining that jobs exist in significant numbers that Plaintiff can perform. Pl.'s Br. at 12-13. In *Trimiar*, the Tenth Circuit considered whether VE testimony of 650 to 900 *regionally* available jobs was sufficient to support the ALJ's conclusion that there were a significant number of jobs available to the plaintiff. *Trimiar*, 966 F.2d at 1330. The *Trimiar* court cited the following factors as relevant to a determination of whether work exists in significant numbers: "the level of claimant's disability; the reliability of the vocational expert's testimony; the distance claimant is capable of travelling to engage in the assigned work; the isolated nature of the jobs; the types and availability of such work, and so on." *Id*. (quoting *Jenkins v. Bowen*, 861 F.2d 1083, 1087 (8th Cir. 1988)). The *Trimiar* court found that the ALJ had sufficiently considered these factors and held that the ALJ's step-five conclusion of the existence of a significant number of jobs was supported by substantial evidence in the record as a whole. *Id*. at 1331-32.

In *Raymond v. Astrue*, 621 F.3d 1269, 1274 n.2 (10th Cir. 2009), the Tenth Circuit held that consideration of the *Trimiar* factors is not required when the number of relevant jobs is large enough to be significant as a matter of law. Here, considering the three occupations identified by the ALJ, there are 944 combined jobs in Oklahoma and 47,700 combined jobs in the national economy. R. 30-31. Thus, the number of nationally available jobs found by the ALJ exceeds numbers found to be significant by other courts.

14

*See Gutierrez v. Comm. of Social Sec.*, 740 F.3d 519, 529 (9th Cir. 2014) (holding that 25,000 jobs in national economy constituted a significant number) (citing cases); *Jackson v. Colvin*, No. 13–cv–01927–KLM, 2014 WL 5504755, at *8-9 (D. Colo. Oct. 31, 2014) (holding that 2600 locally available jobs and 26,000 nationally available jobs constituted a significant number) (citing cases). The undersigned finds that the ALJ's conclusion that 47,700 jobs available to Plaintiff constitute a significant number for the purposes of the step-five analysis is supported by substantial evidence. *See Raymond*, 621 F.3d 1269, 1274 (10th Cir. 2009) ("the controlling statutes, federal regulations, and case law all indicate that the proper focus generally must be on jobs in the national, not regional, economy").

Moreover, the undersigned finds the ALJ's discussion of available jobs adequate to explain and support his conclusion under *Trimiar*. An ALJ need not formally discuss the *Trimiar* factors as part of a step-five conclusion; rather, the ALJ's finding is proper if the record supports a conclusion that the ALJ used "common sense in weighing the statutory language as applied to a particular claimant's factual situation." *See Trimiar*, 966 F.2d at 1330. The ALJ's decision establishes that she considered Plaintiff's ability to work. R. 22-31. The decision and the hearing testimony further establish that both the ALJ and the VE considered whether a person with Plaintiff's limitations could perform the three cited occupations. R. 22-31, 58-59. The ALJ's decision indicates that she considered and found reliable the testimony of the VE. R. 30-31. There is nothing in the record to indicate that Plaintiff's ability to travel is a relevant factor or that the three occupations at issue are isolated in nature; nor does Plaintiff make any such assertion in

her brief. Having found that the ALJ properly considered the relevant factors, the Court may "not presume to interpose [its] judgment for that of the ALJ." *See Trimiar*, 966 F.2d at 1332.

Considering the aggregate availability of the jobs identified by the ALJ, the undersigned finds that there was substantial evidence supporting the ALJ's determination that jobs existed in significant numbers in the national economy that Plaintiff could perform.

## RECOMMENDATION

Having reviewed the record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties, the undersigned Magistrate Judge recommends that the decision of the Commissioner be AFFIRMED.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file written objections to this Report and Recommendation in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Any such objections must be filed with the Clerk of this Court by March 23, 2015. The parties are further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this case.

ENTERED this 9th day of March, 2015.

*[signature: Charles B. Goodwin]*

CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE